UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>EHI LAMBERT-AIKHIONBARE,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:16-mj-00706-PAL<br><br>**ORDER**<br><br>(Mot. Writ Habeas Corpus – ECF No. 6) |

　　　　This matter is before the court Ehi Lambert-Aikhionbare's pro se Emergency Motion for Writ of Habeas Corpus (ECF No. 6), filed October 27, 2016.

　　　　On October 14, 2016, Lambert-Aikhionbare made an initial appearance before the undersigned after he was arrested pursuant to a civil contempt warrant issued by the United States Bankruptcy Court for the Southern District of Texas, Houston Division. *See* Mins. of Proceedings (ECF No. 1). The court informed him of the reason for his arrest and that he had not been criminally charges. Daniel Coe from the Office of the Federal Defender appeared, asked for, and was granted permission to argue for his release.

　　　　The court found that the provisions of the Bail Reform Act did not apply to Lambert-Aikhionbare's situation because he was not charged with a criminal offense, but had been found in civil contempt in the Southern District of Texas after an evidentiary hearing at which Lambert-Aikhionbare was present for the reasons outlined in the arrest warrant issued by that court. *Id*. During the hearing, counsel from the Office of the Federal Public Defender for the District of Nevada appeared and asked to argue for release on behalf of Lambert-Aikhionbare as a friend of the court. *Id*. The court found that the Bail Reform Act did not apply to a civil contempt arrest warrant, and that this court lacked jurisdiction to set aside the Southern District of Texas' arrest warrant. *Id*. The court noted for the record that Lambert-Aikhionbare had previously filed an

Emergency Petition for a Writ of mandamus in this district, Case No 2: 15-cv-1853 RFB-GWF challenging the jurisdiction of the bankruptcy Court in the Southern District of Texas over him, and asking for numerous forms of relief, including a writ vacating the civil contempt order, staying its enforcement. District Judge Boulware set the writ for hearing and dismissed the case, finding as a matter of law this court had no authority to issue a writ or any other order to the Bankruptcy Court in the Southern District of Texas. The undersigned therefore ordered Lambert-Aikhionbare remanded to the custody of the U.S. Marshals Service ("USM") for removal to the Southern District of Texas. *Id*. *See also* Commitment to Another District (ECF No. 5).

On October 27, 2016, he filed an Emergency Motion for Writ of Habeas Corpus (ECF No. 6) under this case number asking this court to order the USM to immediately release him from custody. Defendant filed this request as an emergency motion, rather than filing the request as a new petition for habeas corpus along with an application to proceed *in forma pauperis* and paying the $5.00 filing fee. Despite this procedural irregularity, the court has reviewed the motion and Defendant's previous filing of an Emergency Petition for Writ of Mandamus ("Petition") in *Lambert-Aikhionbare v. Sommors*, Case No. 15-cv-1853-RFB-GWF.

Lambert-Aikhionbare's current motion challenges the underlying civil contempt order, and order for arrest warrant, and other proceedings conducted in the Bankruptcy Court. As the undersigned informed Defendant during the October 14, 2016 hearing, and Judge Boulware informed him during the October 23, 2015 hearing, the District of Nevada lacks jurisdiction to issue an order vacating the civil contempt order interfering with proceedings in the Southern District of Texas. The motion/petition asserts that the undersigned has jurisdiction over his requests for relief because he is being detained in Nevada. However, at the time the court first reviewed his motion/petition the USM informed the court that Lambert-Aikhionbare was no longer in the District of Nevada and was in transit to the Southern District of Texas. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004) (only district where a prisoner is confined may issue habeas relief in action challenging his detention) (citing 28 U.S.C. §§ 2241–2242); Fed. R. App. P. 22(a) (stating that an "application for writ of habeas corpus must be made to the appropriate district court"). The motion is denied.

1 | Accordingly,

2 | **IT IS ORDERED:** Defendant Ehi Lambert-Aikhionbare's pro se Emergency Motion for
3 | Writ of Habeas Corpus (ECF No. 6) is **DENIED**.

4 | Dated this 8th day of November, 2016.

```
                                    _____
                                    PEGGY A. LEEN
                                    UNITED STATES MAGISTRATE JUDGE
```

3